UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-10529-RWZ

MANUEL CALDERON

v.

STEVEN J. O'BRIEN, SUPERINTENDENT,
MCI – OLD COLONY CORRECTIONAL CENTER

MEMORANDUM OF DECISION
March 1, 2011

**ZOBEL, D.J.**

Manuel Calderon ("Calderon") petitions pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the ground that his convictions in the state court violated his federal constitutional rights. For the reasons discussed below, the petition is denied.

**I. Background and Procedural History**

After a jury trial in Hampden County in March 2004, Calderon was convicted of four counts of the forcible rape of a child and six counts of indecent assault and battery on a child under the age of 14, the eight year-old daughter of his girlfriend, with whom he lived. See Mass. Gen. Laws ch. 265 § 13B and § 22A. He was sentenced to an aggregate term of imprisonment of 64 to 96 years.[1]

The conviction and sentence were affirmed on direct appeal by the

---

[1] Specifically, he was sentenced to three consecutive state prison terms of 12 to 18 years, on top of seven consecutive terms of four to six years.

Massachusetts Appeals Court. See Commonwealth v. Calderon, 65 Mass. App. Ct. 590, 842 N.E.2d 986 (2006). Petitioner moved for rehearing, and on May 3, 2006, the Appeals Court denied the motion. His late-filed application for leave to obtain further appellate review ("ALOFAR") was denied by the Massachusetts Supreme Judicial Court ("SJC"). Proceeding pro se, Calderon thereafter filed a motion for new trial, which was denied without a hearing. He appealed the denial, and the Appeals Court affirmed in a written decision. See Commonwealth v. Calderon, 73 Mass. App. Ct. 1112, 898 N.E.2d 889 (2008). He sought rehearing, which the Appeals Court denied, and the SJC denied a second ALOFAR. See Commonwealth v. Calderon, 453 Mass. 1104, 902 N.E.2d (2009).

On April 6, 2009, Calderon filed this petition for habeas relief asserting eleven claims of constitutional error (Docket # 1). He requested court-appointed counsel, which was allowed (Docket # 44). However, court-appointed counsel thereafter moved to withdraw with a supporting brief. The motion was allowed on September 29, 2010. (Endorsed order dated 9/29/10.)[2]

## II.  Legal Standard

An application for a writ of habeas corpus cannot be granted unless the state court adjudication of petitioner's claim was contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court, or was based

---

[2]Counsel's motion was premised on his analysis, detailed in the accompanying brief, that all of petitioner's claims lacked merit. As prescribed by Anders v. California, 386 U.S. 738 (1967), the court now proceeds to its own, and independent, examination of the record, the state court's decisions, and petitioner's claims.

2

on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). Moreover, the individual fact findings underpinning a state court decision are entitled to a presumption of correctness which petitioner may rebut only by clear and convincing evidence. Id. at § 2254(e). Implicit in these statutory requirements is that state court errors based on state law are not reviewable on federal habeas corpus proceedings.

## III. Analysis

As noted, petitioner has raised a host of claims which challenge both, rulings of the trial court and, under the rubric of ineffective assistance of counsel, decisions and alleged failings of petitioner's trial counsel. I review these claims under three headings: expert testimony, jury issues, and miscellany.

### A. Expert and Victim Testimony

#### 1. The Trial Court's Rulings (Grounds 1, 3, and 4)

Petitioner complains about a number of evidentiary rulings which the Appeals Court addressed entirely in the context of state law. He contends that the trial court erred in allowing the examining physician, Dr. Otterman, to testify as an expert and to give an expert opinion without finding him qualified as an expert. The court also erred by allowing the expert to testify that his examination of the victim was "consistent with her disclosures" regarding abuse, which improperly vouched for the credibility of the victim.

In general, expert testimony in child abuse cases is, under Massachusetts law, "appropriate to explain the presence or absence of physical injury." Commonwealth v.

Calderon, 65 Mass. App. Ct. at 592. However, an expert cannot express an opinion on whether abuse in fact occurred. Id. The Appeals Court concluded that Dr. Otterman did not opine on whether the victim was abused; nor did he impermissibly comment on the victim's truthfulness. Id. It did disapprove the admission of the expert's testimony that the victim's physical symptoms were "consistent with" abuse. Nevertheless, that evidence "was not so prejudicial ..." as to be reversible error. Id. at 593. These evidentiary issues implicate state law. They do not rise to constitutional dimensions and are, therefore, not reviewable in a habeas proceeding.

Second, at the time of the trial, the complaining witness was 11 years old. Petitioner faults the trial judge for failing to conduct a voir dire regarding her competency to testify. This, too, is without merit. The Appeals Court, after review of the record, concluded that it "discloses no evidence or argument as to why this particular eleven year old victim was not competent to testify." Id. at 594. Because witness competency is wholly a matter of state law, this court is without jurisdiction to review the state court's decision in a habeas proceeding.

Calderon's last evidentiary claim is that the trial court improperly admitted fresh complaint testimony by a social worker employed by the Department of Social Services which impermissibly bolstered the victim's credibility. The Appeals Court pointed out that "an out-of-court [statement] seasonably made by the victim of a sexual assault" is, under state law, admissible only to corroborate the complainant's testimony." Id. at 595 (citing Commonwealth v. Licata, 412 Mass. 654, 657 (1992)). Although the social worker's testimony went somewhat beyond these bounds, it was "not an opinion on the

4

victim's credibility and cannot be considered vouching." Id. In any event, the court found no prejudice from the testimony.

All of these evidentiary issues were decided on state law grounds. None rise to constitutional dimensions, and none are therefore subject to habeas review.

### 2. Counsel's Decisions (Ground 2)

Petitioner contends that his counsel mishandled the expert in that counsel failed to request funds to engage a defense expert, to request an expert witness instruction, and to object to the Commonwealth's closing argument which improperly referenced the expert's testimony.

The Appeals Court concluded with respect to counsel's failure to request funds that it could not speculate as to what a putative defense expert would have testified to, and that "[petitioner's] trial counsel vigorously cross-examined the Commonwealth's expert and used the elicited testimony in his closing argument." Commonwealth v. Calderon, 65 Mass. App. Ct. at 594. It held as a matter of state law that the trial judge's failure to instruct on expert testimony was not error. Therefore, counsel's failure to request such an instruction cannot be ineffective. It concluded that "the Commonwealth did not highlight the improper language in its closing argument." Id. To the extent petitioner's claims encompass constitutional rights, they are governed by Strickland v. Washington, 466 U.S. 668, 688, 694 (1984), which requires that he establish both constitutionally deficient performance and resulting prejudice. He has not done so.

### B. Jury Issues

Petitioner has raised three claims relating to the jury voir dire. He asserts errors by the trial court with respect to its ruling allowing a peremptory challenge of a Latino juror in violation of Batson v. Kentucky, 476 U.S. 79 (1986). Petitioner next calls into question the adequacy of counsel for failing to advise him of his right to challenge jurors and for failing to conduct voir dire relating to the interracial aspect to the crime.

### 1. Trial Court's Rulings (Ground 8)

The state court found plaintiff's Batson challenge wanting because the record showed that the Commonwealth proffered a "reasonable, juror specific challenge" for exclusion of one Latino juror. The record so shows and the Appeals Court's conclusion fully accords with the Supreme Court's decision in Batson.

### 2. Counsel's Decisions (Grounds 7 and 9)

Even were the record to support petitioner's claims that counsel failed to advise him of his right to challenge jurors (Ground 7), nothing in the record suggests that he was in fact deprived of an adequate voir dire, or that such failure prejudiced his defense as required under Strickland.

Finally, with respect to Ground 9, the Appeals Court found no factual support in the record of any underrepresentation of Hispanic jurors, nor their systematic exclusion in the jury selection process. Nor does this court.

Petitioner has wholly failed to rebut the findings of fact underlying the determination of the state court. Furthermore, all of these grounds were thoroughly vetted by the Appeals Court and its decision accords with Supreme Court precedent.

### C. Miscellany

#### 1. Counsel's Decisions (Grounds 5, 6, 10 and 11)

Petitioner raises additional claims, none of which has merit. He contends that his attorney deprived him of an interpreter at pretrial interviews which prevented him from effectively participating in his own defense (Ground 5). The Appeals Court affirmed the trial court's denial of petitioner's motion for a new trial on the ground that petitioner's claim was not credible in light of his many letters addressed to his trial counsel in English. See Commonwealth v. Calderon, No. 07-P-947, 73 Mass. App. Ct. 1112, 2008 WL 5412051, *1 (Mass. App. Ct. Dec. 31, 2008). This was a reasonable determination of fact which undermines any suggestion of prejudice.

Next, petitioner contends that his counsel made an inaccurate prediction regarding petitioner's prospects of winning at trial (Ground 6). Specifically, counsel erroneously informed him (1) that the complaining witness failed to testify before the grand jury; (2) that the Commonwealth did not want the complaining witness to testify; and (3) that the Commonwealth lacked sufficient evidence to prove petitioner guilty. Moreover, counsel withheld the grand jury testimony of the complaining witness.

Even under petitioner's own statement of the case, he was at least aware there was a chance the complaining witness might testify, and he fails to articulate how counsel's mistaken prophesy affected the outcome of the trial. This issue was fully briefed in the state court proceedings, and the Appeals Court found it so lacking in merit that no discussion was warranted. See Commonwealth v. Calderon, No. 07-P-947, 73 Mass. App. Ct. 1112, 2008 WL 5412051, *2 & n.3 (Mass. App. Ct. 2008). The

state court's judgment was fully justified.

Petitioner next contends that his counsel failed to advise him of his right to testify in his own defense (Ground 10). However, the record shows that after the Commonwealth rested its case, defense counsel informed the court in petitioner's presence that petitioner would not testify and requested a jury instruction concerning his choice not to testify. See Tr. III/70.[3] Petitioner not only fails to demonstrate that he was unaware of his right to testify, he also fails to articulate how counsel's alleged error prejudiced him. See Brown v. Artuz, 124 F.3d 73, 79-81 (2d Cir.1997) (defendant alleging ineffective assistance of counsel where he contends counsel failed to advise him about his right to testify must establish prejudice under second prong of Strickland analysis) (citing Strickland v. Washington, 466 U.S. 668 (1984)). This court finds no constitutional error.

Finally, petitioner contends that his counsel failed to investigate (1) the complaining witness; (2) complaining witness's relatives (alleged to have made prior false allegations against him); and (3) prior misconduct by the treating physician/expert (Ground 11).

The Appeals Court concluded that defense counsel's decision not to investigate

---

[3]The colloquy is as follows:

> THE COURT: And do you want me to instruct [the jury] regarding Mr. Calderon's choice not to testify?
>
> [DEFENSE COUNSEL]: Please.

Transcript of Trial, Volume III, p. 70 (March 18, 2004).

8

speculative claims was reasonable under the circumstances. See Commonwealth v. Calderon, 2008 WL 5412051, at *2. This court cannot conclude, based on the record, that the state court's decision was contrary to any Supreme Court precedent.

### IV. Conclusion

For these reasons, Calderon's habeas petition (Docket # 1) is DENIED.

|  |  |
|---|---|
| March 1, 2011 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |